DREXLER et al. v. KOZA et al.

Civil Action No. 3009.

District Court, W. D. Pennsylvania.

Oct. 4, 1945.

Brown, Critchlow & Flick and Jo Baily Brown, all of Pittsburgh, Pa., and Lockwood, Goldsmith & Galt, Ralph G. Lockwood, and Elmer L. Goldsmith, all of Indianapolis, Ind., for plaintiffs.

John D. Meyer, of Pittsburgh, Pa., and Frank Keiper, of Rochester, N. Y., for defendant Charles A. Koza.

A. A. Bluestone, of Pittsburgh, Pa., for defendant John A. Anderson.

GIBSON, District Judge.

The Court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law.

Findings of Fact

1. This is a suit for infringement of claims 1, 2 and 3 of the Charles Drexler letters patent No. 2,147,832, granted February 21, 1939, relating to an Angular Driving Mechanism.

2. That the plaintiff Charles Drexler, a resident of Indianapolis, Indiana, is the owner of the entire right, title and interest in and to said letters patent No. 2,147,832, and the plaintiff Chas. Drexler Co. is a corporation of the State of Indiana, having its principal place of business at In-dianapolis, Indiana, and since January 22, 1944, has held the exclusive right to manufacture, use and sell said angular driving mechanisms under and in accordance with said letters patent in suit.

3. That the defendant Charles A. Koza, is a citizen and resident of Pittsburgh, Pennsylvania, and prior to, on or about September 2, 1943, did business under the name Invincible Tool Company, Machinery Sales and Engineering Company and C. A. Koza, Inc.; and that the defendant Invincible Tool Company is a corporation of the State of Pennsylvania, having its principal place of business at Pittsburgh, Pennsylvania, which corporation has carried on the business of the defendant Charles A. Koza, since on or about September 2, 1943.

4. That upon plaintiff's motion the complaint was dismissed as to the defendant John A. Anderson, a citizen and resident of Pittsburgh, Pennsylvania.

5. That the patent in suit relates to a tool generally known in the trade as an angle attachment or angle tool for such uses as drilling holes, driving screws, nuts or like operations in close places.

6. That such angle tools or angle attachments have been commonly employed and known to the trade prior to the invention of the patent in suit, wherein there is provided a housing having two tubular portions extending at an angle to each other, for example, 45° and 90° angles, each tubular portion providing a bearing for a driven and driving shaft, respectively, and wherein adjacent ends of said shafts are provided with meshing bevel gears through which the driving shaft will drive the driven shaft at an angle, all as disclosed in the prior patents of Exhibit 18, for example, Sadtler No. 1,199,823 and Klopper No. 1,420,635, but up to the time of the invention of the patent in suit no suitable thrust bearing was provided for maintaining the bevel gears in proper mesh against the longitudinal forces exerted on the respective shafts.

7. That the invention in suit is directed, as distinguished from the prior art, to the provision of a single ball bearing in contact with both bevel gears and the opposite portion of the housing, whereby the single ball bearing will take the end thrust of both gears and their respective shafts.

8. The defendants, Charles A. Koza and the corporation Invincible Tool Com-

pany, have manufactured and sold prior to the filing of the complaint and within six years thereof, angle tools or attachments as shown in letters patent of the defendant Charles A. Koza, No. 2,229,509, granted January 29, 1941, for Angle Drill Construction, and as embodied in defendants' tool, Exhibit 11, and illustrated in defendants' circulars, Exhibits 12, 13 and 14; and that defendants' said tool embodied a single ball bearing in contact with the supporting means or housing of the tool and the bevel gears through which power is transmitted at an angle from one angularly disposed shaft to the other, as covered by claims 1, 2 and 3 of the Drexler patent here in suit, and wherein such improvement of the single ball bearing for taking up and thrust of the gears and shafts comprises the invention disclosed and claimed in the patent in suit.

9. That the plaintiffs have done a substantial business in the manufacture and sale of their patented angle tool or angle attachment as covered by the letters patent here in suit, and have sold since the invention some 50,000 such tools; and that the invention of the patent in suit successfully met and overcame the problem of providing a satisfactory and practical thrust bearing for the opposed gears and shafts such as to maintain the gears in proper mesh under the stress of usage.

10. That in respect to defendants' counterclaim, there was no disclosure of the invention by the defendant Charles A. Koza to the plaintiff Charles Drexler, there was no confidential relation between the defendant Koza and the plaintiff Drexler in respect to the invention in suit, and there has been no breach of confidence or violation of any oral contract by the plaintiff Drexler.

11. That the plaintiff patentee Drexler was the original and sole inventor of the invention disclosed and claimed in the patent in suit.

12. That the defendants have had knowledge and due notice of plaintiffs' patent in suit since September 28, 1939. (Ex. T)

## Conclusions of Law

I. The defenses raised and the allegations as set forth in defendants' counterclaim are unsupported by the evidence, and defendants have not sustained the burden imposed upon them by the grant of plaintiffs' letters patent such as to establish originality of the invention claimed thereby to be in the defendant Charles A. Koza; and that the correspondence between the parties during their association, and the proceedings had by the defendant Koza in the United States Patent Office in the prosecution of his letters patent No. 2,229,509, disclosing but not claiming the invention in issue, create a presumption that the defendant Koza was not the inventor of the invention in issue, which presumption has not been overcome by the evidence.

II. The defendants' counterclaim should be dismissed.

III. The law is with the plaintiffs; that the patent in suit No. 2,147,832 is valid as to claims 1, 2 and 3 thereof, being the claims in suit; and that said patent and the said claims have been infringed by the defendants Charles A. Koza and the corporation, Invincible Tool Company, within six years and prior to filing the complaint herein.

IV. That a permanent injunction should issue against said defendants, Charles A. Koza and the corporation Invincible Tool Company, both jointly and severally, enjoining them, their privies, officers, agents, servants, employees and those in active concert or participation with them from directly or indirectly manufacturing, selling, using, advertising or offering so to do, any angular driving mechanism in infringement of claims 1, 2 and 3 of plaintiffs' letters patent in suit No. 2,147,832, or in any wise aiding and abetting or in any way inducing or contributing to the infringement thereof.

## Discussion

Patent No. 2,147,832 was issued to Charles Drexler on February 21, 1939, upon an Angular Driving Mechanism. Drexler is the owner of the patent and Chas. Drexler Co., Inc., the co-plaintiff, holds an exclusive license under it.

The action was originally brought against Charles A. Koza and John A. Anderson. Upon trial the case against Anderson was dismissed upon plaintiffs' motion. By amended complaint the Invincible Tool Company, owned by the defendant Koza, was made a defendant.

The defendants do not deny the manufacture and sale of tools which have infringed the Drexler patent if it is valid, but do deny its validity. On behalf of the defense it is asserted that the inventive idea of the patent was confidentially disclosed to Drexler, the patentee, by Charles A. Koza, the defendant, and that Drexler

violated the confidence and secured in his own name the patent upon Koza's discovery. In his counter-claim Koza alleges that Drexler is trustee ex maleficio for him, Koza, and prays the court to order the assignment of the patent to him and an accounting by Drexler for the profits arising from his appropriation of Koza's patentable idea.

Koza, on January 21, 1941, was issued a patent upon an Angle Drill Construction, No. 2,229,509, which discloses the Drexler Patent No. 2,147,832, plus a minor feature alleged to improve Drexler. The Drexler and the Koza patents each show an angle drill having two bevel or miter gears at the corner of the drill for the purpose of transmitting power from the long power shaft to the short shaft and the drill. Each patent shows a thrust bearing for the two bevel gears which consists of a single steel ball. The center of this ball is placed at the point where the axes of the two bevel gears or their shafts come together, at the vertex of the gears. In the Drexler patent the ball is held in place by seats in the housing, while in the Koza drill the ball is held in place by a screw which has a bearing for the ball on the end of the screw. The only difference between the two patents is in the method by which the ball is held in place.

In December of 1937 Koza was in Indianapolis and called upon Drexler. He was a manufacturer's agent and engaged in the sale of certain tools. Among them was an angle drill which had certain defects in operation. It was not his own design. His call upon Drexler, in part, was due to information that Drexler had a Gleason gear cutting machine that could cut mitered gears with involute teeth such as he desired for use in his tools. The angular drill which he had been trying to sell, and which had certain defects, was one which was designed to work along the same lines as the Drexler patent, but which had two balls or more instead of one and which had failed to keep the two bevel gears in proper line. In discussing the possibility of Drexler making drills and other tools for him, Koza declared that he exhibited a blue print (Ex. A) to Drexler which disclosed an angular drill with more than one ball. He stated that during the discussion of the designing of an improved drill, he took a pencil and placed a single circle at the vertex of the gears and asked Drexler and his employe, Mor-

gan, what they thought of a single ball so located as a means of keeping the gears from crowding each other.

If the testimony of Koza is accepted he was the real inventor of the so-called Drexler patent for an angular driving mechanism, and the work of Drexler was nothing but the mechanical function of an expert in perfecting another's patentable idea. The only novelty in the Drexler patent No. 2,147,832 is in the single ball located at the point where the axes of the two bevel gears come together. By that means the gears are kept from crowding, and except for its location and function nothing new exists in the patent.

Drexler and Morgan deny that a circle was placed upon the blueprint at the time it was exhibited to them, or that they ever saw on it the circle in the vertex of the gears.

To support his assertion as to the circle and its location the defendant offered in evidence a blue print (Ex. A) which he stated was the print exhibited to Drexler and Morgan. It contained a clear and undimmed circle. According to Koza's testimony it had been placed upon the blue print about six years before the day the paper was offered in evidence. The plaintiff remarked upon the clear outline of the circle, as exhibited at the trial, on a paper six years old and which had been handled considerably in the meantime. He asserted that the very perfection of it should excite suspicion, and should be considered in connection with plaintiffs' claim that it had not been placed on the blue print when exhibited to Drexler and Morgan.

The decision in this case rests upon the credibility to be given to the testimony of Drexler and Morgan on the one hand and Koza on the other.

On behalf of the plaintiff it is averred that Koza came to Drexler for the purpose of having him manufacture some tools for sale for the united benefit of each of them; that he exhibited a blue print showing a thrust bearing of several balls, and that Drexler, after viewing the proposed angular drill with the balls shown, had declared that he would not manufacture the drill shown in the blue print, because of its imperfections, but would endeavor to design an angular drill which would function properly. It is claimed that Patent No. 2,147,832 was the result. Koza was notified promptly that plaintiff proposed to apply for a patent on his design and never

made any claim that he was the discoverer of the idea until September 28, 1939. In the meantime he apparently acquiesced in Drexler's right to the patent. For a considerable time he sold Drexler angular drills, having Drexler bill the purchaser and remit his commission to him. Drexler's patent application was filed May 7, 1938, and granted February 21, 1939. On January 23, 1939, Koza filed his application for an Angle Drill Construction, Patent No. 2,229,509, which incorporated the inventive idea in Patent No. 2,147,832. His attention was called to the Drexler Patent by the Patent Office, but he failed to assert any claim that he was the actual inventor of it. Instead he distinguished his device from Drexler, allowing the public to be deceived if his present contention be correct. Although he made no claim that he was the inventor of Patent No. 2,147,832, he now complains that the Patent Office blundered in not declaring an interference. The burden was upon him to make his claim, and his failure to make it seems to the court to be a vital blow to it, in view of the burden of proof weighing upon him. With counsel representing him, and the ease with which he could have filed an affidavit reciting his claim, he is practically estopped from setting up his contention at this late date. Instead of asserting invention of Patent No. 2,147,832, he steadfastly kept away from its essential claims.

Koza's only excuse for failing to have an interference declared was his poverty at the time the Drexler patent was called to his attention, and the testimony would indicate that at times he was financially embarrassed, but in 1939 he was represented by counsel and the burden of an interference proceeding could not have been heavy. A mere affidavit filed in the Patent Office at a late date would have given him better standing in this court than that to which he is now entitled.

As hereinbefore stated, the judgment herein depends upon the credibility of Drexler and Morgan for the plaintiffs, on the one hand, and Koza, defendant and counter-claimant, on the other, with the burden of proof resting heavily upon Koza. Upon consideration of the proofs the court is of opinion that the evidence of Koza is insufficient to invalidate Patent No. 2,-147,832 to Drexler.

Let a decree for the plaintiff be submitted.